

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
AUG 15 2016
ARTHUR JOHNSTON
BY_____ DEPUTY

ROBERT L. GIBSON                                                    PLAINTIFF

V.                                          CAUSE NO.: 3:16cv633 HTW-LRA

MADISON COUNTY SHERIFF'S DEPARTMENT                    DEFENDANT

## COMPLAINT

### (A JURY TRIAL IS DEMANDED)

**COMES NOW** Plaintiff, ROBERT L. GIBSON, brings this action against the captioned Defendant(s). Unless otherwise stated, "Defendant" or "Defendants" shall also refer to Defendant as well as all Defendants to be named (to the extent Plaintiff agrees to proceed against them). As more specifically set forth below, Plaintiff has been subjected to race-based discrimination prior to termination and in the form of discriminatory discharge. He was also subject to retaliation prior to termination, and at the time of his retaliatory discharge. The actions of the Madison County Sheriff's Department described herein constitute violations of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000 et seq. as amended, 42 U.S.C. § 1981a. This is to allege PLAINTIFF is entitled to all recoverable costs, amounts, damages provided for by 42 U.S.C § 1981a, and under Title VII of the Civil Rights Act of 1964 42 U.S.C. § 2000 et seq. as amended.

In support of his Complaint and causes of action set as forth therein, Plaintiff states as follows.

## JURISDICTION AND VENUE

1.      At all relevant times hereto the Madison County Sheriff's Department has been entity engaged in an industry affecting commerce within the meaning of Section 701(b), through (h) of Title VII, 42 U.S.C. §2000e(b) through (h) (and any related subsections), and other relevant sections of law.  In the alternative, Defendant otherwise falls under the jurisdiction of Federal laws noted above and below. All damages and losses are sought to be recovered according to all provisions allowing or addressing recoverable damages set forth in the above-mentioned laws. Plaintiff incorporates, in his prayer for relief below, all provisions of the above-mentioned laws defining and describing the types of damages and categories of damages he may recover. He specifically claims he is entitled to recover all such available damages recoverable under all law referred to in this Complaint, (or otherwise implicated by the facts or causes of action) all of which are sought pursuant to this Complaint whether or not specifically noted below.

2.      The civil rights violations, and wrongful employment practices perpetuated by Defendants (including but not limited to race discrimination, retaliation, and all conduct, facts, occurrences, acts or omissions providing any basis for legal action) shall hereafter also be referred to as "actionable conduct".  This Honorable Court has jurisdiction of this matter (due to federal questions according to 28 USC § 1331) and venue is proper according to 28 USC § 1391.

3.      Plaintiff has satisfied administrative conditions prior to the commencement of this action under Title VII, by filing his Charge of Discrimination with the U.S. Equal Employment Opportunity Commission.  Plaintiff was issued a Right to Sue letter dated May 20, 2016 and received thereafter.  The Right to Sue and Charge are collectively attached hereto as *Exhibit "A"*.  **Mr. Gibson has another pending Charge that was filed with the Jackson Area EEOC office and which has been forwarded to the US Department of Justice.  This Complaint does not bring claims pursuant to that second Charge which alleges retaliation occurring after the**

retaliatory termination alleged in the Exhibit "A" Charge.   While Plaintiff alleges in this Complaint that he was discriminated against and retaliated against, resulting in his discriminatory and retaliatory termination, Plaintiff also reserves the right to allege separate acts of retaliation occurring due to actionable conduct on the part of Defendant after the termination. He reserves the right to bring legal claims alleging those acts of retaliation in a separate Complaint or amendment to this Complaint.

4.       All Counts, claims, causes of action, allegations, statements, and theories of recovery are alleged in the alternative to each other, and also in addition to each other.  The matters below are set forth while reserving the chance to provide alternate or additional explaining details.  Nothing herein shall be deemed as waiving requirements of notice pleading.  Unless otherwise stated in the heading of the Count or within the Count, all Counts, and claims within them, are meant to be applicable to all Defendants named or to be named.

## PARTIES

5.       Plaintiff, ROBERT GIBSON, is an adult resident of Madison County, Mississippi. At times contemplated by the facts and causes of action contemplated herein, he resided at 879 Williams Boulevard, Apartment 23B, Ridgeland, Mississippi 39157.

6.       Defendant, MADISON COUNTY SHERIFF'S DEPARTMENT, was an Employer in Mississippi within the above judicial district at the time of all acts and omissions which are the subject of this Complaint.  Substantial actionable conduct giving rise to the claims occurred there. Plaintiff reserves the right to amend this Complaint to assure proper parties are before the Court, (and the proper registered agent is served and that the proper places of business are noted).  This shall also serve as Plaintiff's Motion to substitute parties or amend as needed to assure proper names are before the Court.   Defendant, MADISON COUNTY SHERIFF'S DEPARTMENT, is

3

reasonably believed to be able to be served with process c/o Sheriff Randy Tucker, 2941 U.S. Highway 51, Canton, Mississippi 39046 and\or wherever else Defendant may be found.

## STATEMENT OF FACTS

7.      Plaintiff was employed as a sheriff's deputy with Defendant beginning on or about February 28, 2011.  Plaintiff worked with Defendant in a law enforcement capacity.  Plaintiff is a member of a protected class, the African-American race.  Prior to working in law enforcement, Plaintiff held a leadership position in the United States Marine Corps wherein he performed valuable service, and obtained experience working in stressful conflict situations.

8.      During the time of Plaintiff's employment with Defendant, both he and other officers, regardless of race were expected to, and did, respond to stressful situations. That were reasonably expected to arise as part of law enforcement duties.  Some of those situations, that involved or implicated understandable issues that needed to be worked out among officers and supervisors.  Further, officers such as Plaintiff and other non-African American officers experienced these issues and they were to be expected in the course of Defendant's operations.

9.      Plaintiff worked, in part. under the supervision of Deputy Chief Jeremy Williams at times relevant to the facts and actionable conduct providing the basis for this Complaint.  Plaintiff worked under others as well.

10.     Notwithstanding the above, and prior to Plaintiff's discriminatory and/or retaliatory discharge on or about February 19, 2013, Plaintiff performed his law enforcement duties and worked for Defendant as reasonably expected.

11.     In the alternative and in addition, Plaintiff performed his law enforcement duties in a manner, at least substantially similar to other deputies, when considering issues that might commonly arise as well as other reasonably expected matters associated with law enforcement.

4

12.     In the alternative and in addition, there was no significant problem with Plaintiff's job performance or activities as a law enforcement officer that should have justified termination, when considering the circumstances under which the termination occurred. The above was also true when considering Defendant's treatment of other deputies (and matters involving them).

13.     In the alternative and in addition, there was no significant problem with Plaintiff's job performance or activities as a law enforcement officer that should have justified failure to promote Plaintiff, when considering the circumstances under which the failure occurred. The above was also true when considering Defendant's treatment of other deputies (and matters involving them).

14.     In the alternative and in addition, any alleged deviations from expected practice were not significant so as to warrant termination, and/or failure to promote and/or adverse employment action against Plaintiff, when considering Defendant's treatment of other deputies, and/or matters involving them.

15.     In the alternative and in addition, any alleged problems with Plaintiff's job performance were not any substantial reason to write-up, reprimand, nor counsel Plaintiff in a manner that reasonably indicated there were significant problems with his job performance warranting termination and/or failure to promote and/or adverse employment action against him.

16.     In the alternative and in addition, when considering Plaintiff's job performance, attitude, and actions as a whole, he performed very good work as a law enforcement officer.

17.     While Plaintiff denies he violated any work rule in any significant way that should have justified termination and/or failure to promote and/or adverse employment action, Plaintiff reserves the right to argue that any alleged deviation from the Defendant's practices which the Defendant has alleged to EEOC or which it may allege in this action, were not substantially different

5

from the alleged deviations commonly engaged in by similarly situated non African-American employees.

18.     On or about January 1, 2013, Plaintiff was denied promotion to the position of investigator in the CID division under Captain Barfield.  He previously applied for the position on or about October 2012.

19.     The position in criminal investigations at CID under Captain Barfield (non-juvenile) was conveyed to be open to employees by memorandum from Deputy Chief Jeremy Williams's desk on or about October 8, 2012.  While the memorandum specifically asked deputies to state their number of years in law enforcement as well as number of years with the department, the memorandum did not state, (nor did the Defendant ever convey or represent) that time in law enforcement or time with the department were the criteria for selection.

20.     In the alternative and in addition, Defendant never conveyed or represented that time in law enforcement or time with the department were the only criteria for selection or the criteria to be given greatest weight.

21.     The announcement did not indicate that other criteria including but not limited to work ethic and/or productivity were requirements that needed to be met in order to qualify for the position.

22.     In the alternative and in addition, Defendant never adequately defined the criteria of work ethic and/or productivity so as to fairly include them as criteria for selection.

23.     In the alternative and in addition, Defendant never represented how it intended to evaluate or measure work ethic or productivity and it never had adequate clear, objectively conveyed standards for measuring work ethic or productivity.

6

24.    In the alternative and in addition, Defendant's criteria for selection of an applicant was significantly subjective at best such that there was no adequately defined specific criteria or set of criteria at the time of the announcement.

25.    In the alternative and in addition, given the subjective nature of Defendant's selection criteria (or set of criteria) they were not able to uniformly applied to both African American and non African-American deputies.

26.    In the alternative and in addition, Defendant never had adequately established, nor clearly established criteria or set of criteria for selection.

27.    In the alternative and in addition, Defendant never adequately carried out policies, procedures, and practices so as to provide subjective information as to the exact selection criteria for the positions.   The above resulted in Defendant's decision-makers having significant subjective control over selecting individuals for the positions.

28.    In the alternative and in addition, Defendant's decision-makers otherwise had significant subjective control over selecting individuals for the positions.

29.    Defendant's practice which was not based on adequately defined criteria or set of criteria resulted in a discriminatory effect upon Plaintiff and potentially other African-Americans. While Plaintiff maintains that Defendant's methods for granting promotions were discriminatory, his claims are founded in the disparate treatment of Plaintiff when compared to non African-Americans. Nevertheless, Plaintiff reserves the right to claim (and/or otherwise support) that Defendant engaged in a pattern and practice of using methods (or lack of appropriate methods) which had a discriminatory effect upon Plaintiff and other African-Americans when considering factors, including but not limited to, the promotions received and not received by African-Americans in relation to the racial make-up of the work force on or about 2012 to 2013.  Plaintiff reserves the right to otherwise support that Defendant engaged in pattern(s) and/or practice(s) that

7

occurred in various forms and manifested themselves in discrimination affecting Plaintiff as alleged in this Complaint, and potentially others.

30.     Plaintiff was denied promotion to the position of investigator while one or more similarly-situated non-African American employees received promotion to investigator in the adult CID.

31.     While Plaintiff reserves the right to argue that there were not clearly defined criteria conveyed as being part of the selection process, he also argues in the alternative and in addition that by a reasonable standard, his work ethic and/or productivity were sufficient for the promotion. When considering Plaintiff's work ethic alone as exemplified by his performance, and when considering it was good, it should have been given weight so as to determine him to be more suited and/or more qualified for the position than the non African-American who received the promotion. In the alternative and in addition, when considering Plaintiff's work ethic and productivity from an objective standard Plaintiff was more suited than the lesser suited and/or lesser qualified non African-American who received the promotion.

32.     In the alternative and in addition, when considering all factors as a whole including but not limited to Plaintiff's certification, knowledge of law enforcement responsibilities and other factors related to job performance and to Plaintiff's abilities, Plaintiff was more suited and/or qualified to receive the position.

33.     Plaintiff sets forth that some, or all statistical information gathered or assembled by EEOC as contained in the investigative file, supports a pattern or practice of racial discrimination when considering the circumstances involving Plaintiff and non African-Americans.   Plaintiff reserves the right to rely upon that information to establish, along with other evidence, that Defendant discriminated.   Plaintiff otherwise also reserves the right to rely upon statistical information which may be determined in discovery and/or which may be obtained from available

information.  Plaintiff reserves the right to challenge Defendant's claimed statistical evidence or interpretation of matters involving its workforce.

34.     Defendant's failure to apply uniform, clearly conveyed, objective and clearly practiced, standards of selection resulted in the discriminatory promotion of one or more non African-American's instead of Plaintiff.

35.     In the alternative and in addition, when considering a reasonable comparison between Plaintiff and other non-African American deputies, and Defendant's lack of clearly defined criteria, Plaintiff was passed over for promotion in favor of one or more lesser qualified, and/or less suited, and/or uncertified non-African American individuals.

36.     While Plaintiff denies he violated any work rule (or deviated from commonly expected practice) in any manner which would have justified the discriminatory failure to promote, discriminatory discharge, or retaliation, Plaintiff alleges similarly-situated non African-American deputies engaged in similar or worse conduct than Plaintiff.  Notwithstanding, they were not subject to Defendant's actionable conduct resulting in the discriminatory failure to promote, resulting in the discriminatory and retaliatory work environment, as well as resulting in discriminatory and retaliatory termination that occurred on February 19, 2013.

37.     Prior to Plaintiff's termination, and within relatively close time, Plaintiff discussed with Lieutenant Mark Sandridge (over the DUI unit) Plaintiff's concerns about racially discriminatory practices that affected both the employees and the community.   Plaintiff complained to Lt. Sandridge about white officers using excessive force and beating black individuals.  Plaintiff also complained about the Department setting up roadblocks primarily in the minority neighborhoods. Around the time of Plaintiff's complaints, Plaintiff personally witnessed officers using excessive force and severely beating a suspect along Highway 55 while the suspect was still in

handcuffs.  Plaintiff firmly opposed this mistreatment, and picked up the individual, thereafter put him in a police cruiser.

38.     Further, Plaintiff was informed of other instances wherein excessive force was used upon black individuals.

39.     The above referenced multiple instances of excessive force used upon black individuals were reasonably believed to represent discriminatory terms and conditions of employment for officers working for the department, and which Plaintiff complained about.  Even though the above conduct Plaintiff complained about also involved third-parties and the community, it represented discriminatory terms and conditions of employment for Plaintiff and potentially other officers as well.  Mr. Gibson reasonably believed he and other officers were being required to work in an environment containing discriminatory terms and conditions insofar as it involved mistreatment of black individuals, and in so far as it required officers to work in circumstances involving, and around, the discriminatory mistreatment. As a result, he reasonably, and of good faith believed that the terms and conditions of employment were discriminatory for himself and other employees required to work in the conditions.

40.     Further, Plaintiff complained to Lt. Sandridge on the occasion referred to above, about what he reasonably perceived to be no black officers being in the investigations or DUI unit (reasonably referring to adult investigations unit (CID)).  Plaintiff otherwise complained about black officers not being promoted to important positions of responsibility in SWAT and narcotics even though they were certified and otherwise qualified.  Regardless of whether Defendant may now claim there were black officers in certain positions of responsibility, Plaintiff had a reasonable and good faith belief that there was discriminatory mistreatment insofar as black officers were not substantially involved in certain positions and/or promoted to positions of responsibility including but potentially not limited to the above positions. He therefore complained.  Plaintiff specifically

10

complained about the matters in this Complaint representing what he reasonably believed to be racial discrimination in the terms, conditions of employment when he communicated with Lieutenant Sandridge.

41.    Further, in response to the EEOC, Defendant set forth that Kim Henderson, black female, was in the job sought by Plaintiff (Charging Party) and that all the other investigators were white. Plaintiff submits that while she was over child crimes and Plaintiff reasonably complained about the lack of black investigators in CID (adult) under Captain Barfield. In the alternative and in addition, one or more of his complaints could be reasonably construed to refer to the investigations unit at CID (adult investigations) wherein there were no black investigators. Plaintiff sought a job in CID over the adult crimes investigatory unit which was separate from the unit involving Ms. Henderson. Plaintiff submits there should be no disputing that he never applied for any job involving investigating crimes against youth. When considering that Defendant knew of or should have known that the job sought by Plaintiff was in the adult CID, Plaintiff reasonably and in good faith believed that the unit for which he sought employment contained no African-Americans.

42.    Plaintiff never expressed unhappiness about Defendant or Defendant's operations to Lt. Sandridge or Plaintiff's supervisors (including Sheriff Tucker and Chief Jeremy Williams) before discussing it with Lt. Sandridge at the time referred to here. Plaintiff in fact expressed unhappiness and conveyed he was expressing that unhappiness because of Defendant's race discrimination.

43.    It is reasonably believed that Lieutenant Sandridge discussed with Sheriff Tucker and Chief Williams the matters Plaintiff conveyed to Lt. Sandridge.

44.    After the above events in the prior paragraph, Plaintiff was brought into a meeting with Chief Williams and Sheriff Tucker wherein Plaintiff was informed during the brief communication by Chief Williams that it was understood Plaintiff was not happy at the Sheriff's Department, and was therefore given the option of resignation or to be terminated. Plaintiff was

given no reasonable choice and/or option under the circumstances. Plaintiff declined resignation and was issued a letter terminating him.

45.     Defendant alleged to Plaintiff that he was being terminated because Defendant believed he was unhappy working for the Department.

46.     Defendant has alleged numerous reasons for termination to the EEOC that were not the true reasons for Plaintiff's termination as expressed to him. Plaintiff sets forth that there should be no material fact dispute that he was terminated for expressing unhappiness, and that Plaintiff in fact expressed unhappiness due to what he reasonably believed were Defendant's racially discriminatory practices (and that Defendant knew of and/or should have known at the time of termination that Plaintiff was expressing unhappiness due to what he reasonably, and in good faith, believed to be racially discriminatory terms, conditions and/or privileges of employment).

47.     Defendant has expressed reasons for termination to the EEOC that were significantly based on its subjective perception of Plaintiff, and/or otherwise not adequately supported.

48.     Nevertheless, to the extent Defendant now claims reasons for termination that were not expressed (or adequately expressed) to Plaintiff prior to the EEOC investigation, similarly-situated white deputies engaged in similar or worse conduct than Defendant alleged to the EEOC that Plaintiff engaged in. Defendant knew of or should have known of this conduct, and they were not terminated. For example, while reserving the right to provide others in discovery, Plaintiff was reasonably informed by a supervisory employee that there were circumstances involving the potentially violent propensities of another officer that should have reasonably indicated concerns with the officer. The similarly situated white employee was not terminated.

49.     In the alternative and in addition, Defendant misrepresented and/or incorrectly misrepresented, within information it presented to the EEOC, material matters related to Plaintiff's

ability to function as a law enforcement officer.  The above is also supported by the fact that Plaintiff was never issued any write up nor formal reprimand.

50.    In the alternative and in addition, Defendant has otherwise alleged concerns with Plaintiff's job performance wherein it tolerated similar or worse conduct, behavior, and/or attitude on the part of non African-Americans.

51.    Plaintiff denies that he engaged in any conduct or behavior that was outside what was reasonably expected and tolerated by Defendant in the law enforcement context.

52.    In the alternative and in addition, regardless of whether or not Defendant failed to promote Plaintiff under circumstances which were discriminatory, Defendant failed to retain Plaintiff and instead retained one or more similarly situated non African American employees under circumstances wherein Plaintiff was terminated, even though one or more were not terminated for similar or worse conduct.  Plaintiff maintains the above while also reserving the right to argue that he was not informed of, and had no reason to know of, any substantial issue with his job performance that should have warranted termination.  Plaintiff therefore also reserves the right to argue that when his job performance, conduct, approach to the work, and work as performed, is compared to one or more similarly situated, non African Americans, he was treated differently under sufficiently similar circumstances so as to constitute disparate treatment.

53.    At no time during the above events did Chief Williams, Lt. Sandridge, Sherriff Tucker, or any other person with supervisory authority over Plaintiff or with authority to make a termination decision, ever inform Plaintiff that he was terminated for any other reason aside from being unhappy at the Department.

54.    Defendant did not adequately investigate or address Plaintiff's concerns affecting Plaintiff and potentially others.  Defendant instead summarily terminated Plaintiff.

55.     While Defendant's termination was retaliatory, Defendant also retaliated against Plaintiff prior to termination by the denial of an adequate opportunity for his concerns regarding alleged race discrimination to be ever adequately investigated, or addressed.

56.     It is reasonably believed, based upon all available information, and the events occurring at the time, that Plaintiff was terminated for being allegedly unhappy at the Department due to the discriminatory terms and conditions of employment, which he complained about.

57.     Plaintiff was never issued any formal nor informal write-up claiming he acted in a way that would have or should have justified his termination.

58.     In the alternative and in addition, Plaintiff was never informed that he ever acted in any such manner that should have justified termination.

59.     In the alternative and in addition to the above, Plaintiff denies there was ever any stated or claimed reason by Defendant for his termination aside from his unhappiness with the department. That unhappiness was for the reasons Plaintiff expressed such that Defendant knew of or should have known of them.

60.     In fact, Plaintiff clearly conveyed that he was unhappy as a result of perceived race discrimination, such that Defendant was reasonably aware Plaintiff complained about race discrimination and terminated him as a result.

61.     In the alternative and in addition to the allegations in the prior paragraphs, the environment essentially allowed one or more inadequate avenues to complain.

62.     Defendant's discriminatory and retaliatory environment resulted in tangible employment action and resulted in Plaintiff being terminated from the employment.

63.     In the alternative to the above, and in addition, Defendant terminated Plaintiff in retaliation because Plaintiff opposed and/or complained of race-based discrimination.

64.     In the alternative to the above, and in addition, Defendant terminated Plaintiff under circumstances that were discriminatory.

65.     Defendant's stated reasons for termination (and/or for differences in treatment between Plaintiff and other deputies) and any reasons it claimed or may claim were pretextual for discriminatory termination.

66.     In the alternative and in addition, Defendant's stated reasons for termination and any reasons it claimed or may claim for differences in treatment between Plaintiff and other deputies were pretextual for retaliatory termination.

67.     Plaintiff reserves the right to set forth that any stated reasons for termination (and/or reasons for differences in treatment between Plaintiff and other deputies) were not the true reasons and/or were unworthy of belief, (in the alternative and in addition).

68.     In the alternative and in addition to the above allegations, Plaintiff was subject to conditions ending his employment for discriminatory and/or retaliatory reasons.   The EEOC initiated an investigation pursuant to Plaintiff's *Exhibit "A"* Charge of Discrimination which was timely filed.  Pursuant to that investigation the EEOC issued a Determination, the contents of which are attached as *Exhibit "B"*, and incorporated.   Plaintiff reserves the right to rely upon any information contained in the investigative file of the EEOC. Plaintiff suffered losses as more fully described above and below.  The contents of any exhibits to this Complaint are incorporated as though expressly set forth.   As a result of the above-referenced events, Plaintiff suffered all damages further referred to below and incorporated here.

## CAUSES OF ACTION

### COUNT I
### CLAIMS UNDER SECTION 703 OF TITLE VII
### BASED ON RACE DISCRIMINATION
### IN THE TERMS, CONDITIONS, AND/OR PRIVILEGES OF EMPLOYMENT
### IN THE FORM OF FAILURE TO PROMOTE
### DURING THE EMPLOYMENT

69.     Plaintiff re-alleges and incorporates all provisions set forth above and below as if fully incorporated herein.  The claims alleged in this Count are alleged in the alternative, and in addition, to each other.  They are alleged in the alternative, and in addition, to the claims in the other Counts as well.

70.     Defendant is alleged to have violated Section 703 of Title VII, 42 U.S.C. § 2000e-2 et seq. as amended, as well as 42 U.S.C. § 1981a, in ways outlined in this Complaint.  Plaintiff seeks all damages available under all laws referred to in this Complaint.

71.     Plaintiff was discriminated against with regard to the terms, conditions, and/or privileges of employment. Plaintiff was subject to disparate treatment.

72.     Plaintiff was discriminated against with regard to the terms, and/or conditions, and/or privileges of employment when considering differences in treatment between himself and one or more similarly situated non-African Americans when he was not promoted under circumstances, wherein one or more similarly situated non-African-Americans was promoted to investigator. Plaintiff incorporates any of the above or below allegations in this Complaint reasonably providing a basis for claims in this Count.

73.     As a direct and proximate result of Defendant's conduct toward Plaintiff, Plaintiff has sustained losses as more fully described below herein. The losses and damages which Plaintiff suffered and as referred to in this paragraph are also meant to include and incorporate any losses and damages noted and referred to in all other parts of this pleading incorporated herein.

74.     In the alternative and in addition, the unlawful actions of the Defendant in reckless disregard of the statutory rights of Plaintiff. Plaintiff reserves the right to argue Defendant's actions were wanton, and/or willful.

75.     Plaintiff incorporate the information contained in the exhibits to this Complaint as though set forth and reserves the right to provide additional information in discovery.

**COUNT II**
**CLAIMS UNDER SECTION 703 OF TITLE VII**
**BASED ON RACE DISCRIMINATION**
**IN THE TERMS, CONDITIONS AND/OR PRIVILEGES OF EMPLOYMENT**
**IN THE FORM OF OTHER DISCRIMINATION UPON PLAINTIFF DURING THE**
**EMPLOYMENT ASIDE FROM FAILURE TO PROMOTE**

76.     Plaintiff re-alleges and incorporates all provisions set forth above and below as if fully incorporated herein.  The claims alleged in this Count are alleged in the alternative, and in addition, to each other.  They are alleged in the alternative, and in addition, to the claims in the other Counts as well.

77.     Defendant is alleged to have violated section 703 of Title VII, 42 U.S.C. § 2000e-2 et seq. as amended, as well as 42 U.S.C. § 1981a, in ways outlined in this Complaint.  Plaintiff seeks all damages available under all laws referred to in this Complaint.

78.     Plaintiff was discriminated against with regard to the terms, conditions, and/or privileges of employment. Plaintiff was subject to disparate treatment.

79.     Plaintiff was discriminated against with regard to the terms, conditions, and/or privileges of employment when considering he was required to work in an environment imposing discriminatory terms and conditions. It involved intentional excessive force being used upon a black suspect when he did not witness the same force used upon white suspects.  While the excessive force was used against the black suspect, and not against Plaintiff, the requirement that Plaintiff work in the environment where such conduct was reasonably believed to have occurred

was unacceptable and discriminatory to Plaintiff as an African-American law enforcement officer. It was discriminatory to require Plaintiff to work in an environment involving discrimination. Further Plaintiff was informed of other similar conduct, and Plaintiff reasonably believed he was required to work in a discriminatory environment for this reason as well. Plaintiff was subject to discriminatory terms and conditions of employment as a result of being required to work in an environment that carried out its practices in what he reasonably believed was a discriminatory manner. Plaintiff was denied the privilege of an employment in law enforcement that did not involve discriminatory mistreatment of one or more suspects.

80.    In the alternative and in addition, Plaintiff was treated differently than one or more similarly situated non-African Americans when Plaintiff, as an African-American, was exposed to an environment containing discriminatory mistreatment of other African Americans in the manner in which it occurred.   In the alternative and in addition, this mistreatment affected Plaintiff discriminatorily as an African American in a manner differently than it affected other non African Americans.  In the alternative and in addition, the mistreatment was discriminatory to Plaintiff as an African American when it was not to one or more non African Americans.   Plaintiff reserves the right to use comparators including, but potentially not limited, to those non African Americans involved in the conduct Plaintiff complained about.

81.    In the alternative and in addition, Plaintiff was required to work in an environment where concerns of discrimination were not adequately investigated, addressed, or corrected.  He was denied the privilege of employment of seeing his concerns of discrimination adequately investigated or addressed, which he should have been able to reasonable expect. Defendant failed to adequately, investigate, or address Plaintiff's complaints of the discriminatory environment which ultimately resulted in his discharge as well.  Plaintiff incorporates any of the above or below allegations in this Complaint reasonably providing a basis for claims in this Count.

18

82.     As a direct and proximate result of Defendant's conduct toward Plaintiff, Plaintiff has sustained losses as more fully described below herein. The losses and damages which Plaintiff suffered and as referred to in this paragraph are also meant to include and incorporate any losses and damages noted and referred to in all other parts of this pleading incorporated herein.

83.     In the alternative and in addition, the unlawful actions of the Defendant were in reckless disregard of the statutory rights of Plaintiff. Plaintiff reserves the right to argue Defendant's actions were wanton, and/or willful.

84.     Plaintiff incorporate the information contained in the exhibits to this Complaint as though set forth and reserves the right to provide additional information in discovery.

## COUNT III
## CLAIMS UNDER SECTION 703 OF TITLE VII
## BASED ON RACE DISCRIMINATION
## IN THE TERMS, CONDITIONS, AND/OR PRIVILEGES OF EMPLOYMENT
## IN THE FORM OF DISCRIMINATORY TERMINATION

85.     Plaintiff re-alleges and incorporates all provisions set forth above and below as if fully incorporated herein.  The claims alleged in this Count are alleged in the alternative, and in addition, to each other.  They are alleged in the alternative, and in addition, to the claims in the other Counts as well.

86.     Defendant is alleged to have violated section 703 of Title VII, 42 U.S.C. § 2000e-2 et seq. as amended, as well as 42 U.S.C. § 1981a, in ways outlined in this Complaint.  Plaintiff seeks all damages and losses available under all laws referred to in this Complaint.

87.     Plaintiff was discriminated against with regard to the terms, conditions, and/or privileges of employment. Plaintiff was subject to disparate treatment.

88.     Plaintiff was discriminated against with regard to the terms, and/or conditions, and/or privileges of employment when considering differences in treatment between himself and one or more similarly situated non-African Americans when he terminated under circumstances

19

wherein one or more similarly situated non African-Americans were not terminated.  Plaintiff reserves the right to argue that he engaged in no significant conduct that was outside of Defendant's expected practices that should have warranted termination when considering the treatment of similarly situated employees outside his protected class.  In the alternative and in addition, Plaintiff engaged in no significant conduct that was outside what was reasonably expected in a law enforcement context and/or outside that which should have been reasonably expected by Defendant.  In the alternative and in addition, Plaintiff was terminated under circumstances wherein one or more similarly situated non African-Americans were not terminated for similar or worse conduct.  In the alternative and in addition, Plaintiff was terminated for the fact that he was given the option of resignation or termination which represented no reasonable choice and/or options under the circumstances.  In the alternative and in addition Plaintiff performed satisfactorily at the very least, and was subject to discriminatory mistreatment notwithstanding.

89.     In the alternative and in addition, Plaintiff performed satisfactory at the very least, (when considering his actions, conduct, job performance, and work as a whole) when one or more similarly situated non Aftrican Americans were not terminated under similarly circumstances using proper factors of comparison. Plaintiff incorporates any of the above or below allegations in this Complaint reasonably providing a basis for claims in this Count.

90.     As a direct and proximate result of Defendant's conduct toward Plaintiff, Plaintiff has sustained losses as more fully described below herein. The losses and damages which Plaintiff suffered and as referred to in this paragraph are also meant to include and incorporate any losses and damages noted and referred to in all other parts of this pleading incorporated herein.

91.     In the alternative and in addition, the unlawful actions of the Defendant in reckless disregard of the statutory rights of Plaintiff. Plaintiff reserves the right to argue Defendant's actions were wanton, and/or willful.

92.     Plaintiff incorporate the information contained in the exhibits to this Complaint as though set forth and reserves the right to provide additional information in discovery.

**COUNT IV**
**CLAIMS BASED ON ACTS OF RETALIATION UNDER TITLE VII**
**FOR ACTS OF RETALIATION DURING**
**EVENTS PRIOR TO TERMINATION**

93.     Plaintiff re-alleges and incorporates all provisions set forth above and below as if fully incorporated herein.  The claims alleged in this Count are alleged in the alternative, and in addition, to each other.  They are alleged in the alternative, and in addition, to the claims in the other Counts as well.

94.     Plaintiff was treated adversely with regard to the terms and conditions of Employment when he was retaliated against by Defendant due to complaining about conduct in good faith believed to be discriminatory (opposing it). He was retaliated against following the time he complained and when considering the events prior to termination.  Defendant retaliated against Plaintiff prior to his termination by Defendant's open intentional failure to adequately investigate, or address his complaints of discrimination referred to above, and by its failure to allow him to see his concerns investigated prior to his termination, as a result of his complaints.

95.     In the alternative and in addition, Defendant retaliated against Plaintiff prior to termination by failing to afford him adequate opportunity to assure his alleged concerns of race discrimination were adequately investigated or addressed.   Defendant denied Plaintiff these opportunities because he expressed unhappiness due to race discrimination.  This denial of opportunity constituted adverse employment action in addition to other adverse employment actions. Plaintiff incorporates any of the above or below allegations in this Complaint reasonably providing a basis for claims in this Count.

21

96.    In the alternative and in addition, Plaintiff was retaliated against following his complaints of race discrimination, by being given the only option of resigning as opposed to termination.  In carrying out Defendant's practices in response to complaints of discrimination by affording Plaintiff only two unacceptable options,  (and without adequate investigation or action). Defendant retaliated against Plaintiff regardless of any decision ultimately made by Plaintiff or Defendant.

97.    Plaintiff suffered adverse employment actions and losses as a direct and proximate result of Defendant's response to the same.    Plaintiff was retaliated against before he was discharged.

98.    Defendant is alleged to have violated section 704 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), as amended including but not limited to the Civil Rights Act of 1991, 42 U.S.C. § 1981a, providing rights to broad recoverable damages, and/or all other provisions which would address the actionable conduct or provide remedies therefore.    Plaintiff had a right to be free from the effects of retaliatory practices in his employment relationship with Defendant.

99.    Plaintiff makes separate claims for each act of retaliation perpetuated upon him following each separate time complaining (opposing).  Plaintiff makes separate claims under section 704 of Title VII and Title VII as amended for each act of retaliation referred to in this paragraph, this Complaint, and which may be illustrated in discovery.  Plaintiff therefore makes claims for the retaliation occurring prior to his discharge.

100.    As a direct and proximate result of Defendant's conduct toward Plaintiff, Plaintiff has sustained losses as more fully described below herein. The losses and damages which Plaintiff suffered and as referred to in this paragraph are also meant to include and incorporate any losses and damages noted and referred to in all other parts of this pleading incorporated herein.

101.    In the alternative and in addition, the unlawful actions of the Defendant in reckless disregard of the statutory rights of Plaintiff.  Plaintiff reserves the right to argue Defendant's actions were wanton, and/or willful.

102.    Plaintiff incorporate the information contained in the exhibits to this Complaint as though set forth and reserves the right to provide additional information in discovery.

## COUNT V
## CLAIMS BASED ON ACTS OF RETALIATION UNDER TITLE VII
## FOR ACTS OF RETALIATION
## RESULTING IN RETALIATORY TERMINATION

103.    Plaintiff re-alleges and incorporates all provisions set forth above and below as if fully incorporated herein.  The claims alleged in this Count are alleged in the alternative, and in addition, to each other.  They are alleged in the alternative, and in addition, to the claims in the other Counts as well.

104.    Plaintiff was treated adversely with regard to the terms and conditions of Employment when he was retaliated against by Defendant due to complaining about conduct in good faith believed to be discriminatory (opposing it). He was retaliated against following the time he complained.   Defendant retaliated against Plaintiff when considering his discharge under circumstances wherein he was given no reasonable choice but to accept resignation or discharge. Plaintiff was discharged in retaliation for his complaints of race discrimination.    In the alternative and in addition, Plaintiff was constructively discharged and/or discharged for all intents and purposes, under retaliatory circumstances.

105.    Plaintiff suffered adverse employment actions and losses as a direct and proximate result of Defendant's response to the same.  Plaintiff was separately retaliated against both before he was discharged and when he was ultimately and discharged for reporting and opposing racial

discrimination. In the alternative and in addition, he was not allowed to work under circumstances rendering Defendant liable.

106.    Defendant is alleged to have violated section 704 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), as amended including but not limited to the Civil Rights Act of 1991, 42 U.S.C. § 1981a, providing rights to broad recoverable damages, and/or all other provisions which would address the actionable conduct or provide remedies therefore.    Plaintiff had a right to be free from the effects of retaliatory practices in his employment relationship with Defendant.

107.    Plaintiff makes separate claims for each act of retaliation perpetuated upon him following each separate time complaining (opposing).    Plaintiff makes separate claims under section 704 of Title VII and Title VII as amended for each act of retaliation referred to in this paragraph, this Complaint, and which may be illustrated in discovery.    Plaintiff therefore makes claims for the retaliation occurring prior to his discharge and for retaliation in the form of discharge. Plaintiff incorporates any of the above or below allegations in this Complaint reasonably providing a basis for claims in this Count.

108.    As a direct and proximate result of Defendant's conduct toward Plaintiff, Plaintiff has sustained losses as more fully described below herein. The losses and damages which Plaintiff suffered and as referred to in this paragraph are also meant to include and incorporate any losses and damages noted and referred to in all other parts of this pleading incorporated herein.

109.    In the alternative and in addition, the unlawful actions of the Defendant in reckless disregard of the statutory rights of Plaintiff. Plaintiff reserves the right to argue Defendant's actions were wanton, and/or willful.

110.    Plaintiff incorporate the information contained in the exhibits to this Complaint as though set forth and reserves the right to provide additional information in discovery.

## DAMAGES INCLUDING, BUT NOT LIMITED TO,
## PUNITIVE DAMAGES

111.    Plaintiff re-alleges and incorporates all averments set forth in all paragraphs above as if fully incorporated herein.    Plaintiff suffered losses and damages as set forth below and incorporated herein from the section beginning "WHEREFORE PREMESIS CONSIDERED…." He also preserves a claim for punitive damages for conduct which was willful and/or wanton and/or in reckless disregard for his civil rights as well as in reckless disregard for the above law (as they allege the conduct was).  Defendant acted in reckless disregard for Plaintiff's civil rights and for the law in its actionable conduct giving rise to the above claims.

CONSOLIDATED PRAYER FOR RELIEF TO BE APPLICABLE TO ALL ABOVE SEPARATE CLAIMS INDIVIDUALLY AND TOGETHER.    (THE BELOW IS INCORPORATED INTO ALL ABOVE COUNTS AND CLAIMS AND DEMANDED AS A RESULT OF THE ACTIONABLE CONDUCT DESCRIBED ABOVE.)

112.    Plaintiff re-alleges and incorporates all averments set forth in all paragraphs above as if fully incorporated herein.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF RESPECTFULLY PRAYS that the Court cause service to issue in this cause upon the Defendant and that this matter be set for trial on each separate claim(s) in each separate Count.  Upon trial by jury thereon, Plaintiff prays that the following relief be granted separately for each Count, claim, or cause of action:

1.    Front pay/lost wages as well as back pay/lost wages to the fullest extent recoverable, value of employment benefits of any kind (including but not limited to lost value of any insurance or anything of value Plaintiff received during employment or would have received during or following employment if not for the conduct alleged), lost value of incidentals and other pecuniary losses proximately caused by Defendant's unlawful conduct, as well as fair compensation for the acts and omissions referred to;

2.      Damages against Defendant in an amount to be determined by the jury for damages described above and herein and above the minimum jurisdictional amount. Those damages include but are not limited to (recovery for the following categories of damages are sought in the alternative and in addition to each other): compensation for past, present, and future emotional distress or non-economic losses; past, present, and future out of pocket costs and attorney fees; past, present, and future loss of enjoyment of life; past, present, and future pain and suffering; past, present, and future mental anguish; past, present, and future lost wages to the fullest extent recoverable; loss of wage earning capacity; costs related to medical or mental health treatment which might occur in the future if OR which Plaintiff might be recommended to have or might have been recommended. Plaintiff otherwise prays for any medical care, counseling, mental health care, psychiatric or psychological care which might be recommended or which might have been recommended in the past present or future, or for the past, present and future.   Recovery is sought to be calculated based on each separate claim and cause of action individually to the fullest extent possible. Plaintiff prays for a right to a jury trial under the Constitution for each claim. Plaintiff prays for all other compensatory damages, and other damages he may legally recover.   Plaintiff also claim all costs, pre-judgment interest, post-judgment interest, costs of this action, expenses of this action, expert witness fees and reasonable attorney's fees and any other damages allowed under actions brought pursuant to all above laws, under which Plaintiff specifically intends to bring this Complaint; and

3.      Plaintiff prays for punitive damages in the maximum amount allowed by law.

4.      Such further relief as is deemed just and proper. (Plaintiff claim all categories of damages recoverable in this action including but not limited to all compensatory and punitive damages.

## JURY TRIAL DEMAND

**Plaintiff demands a jury trial on all matters raised by the Complaint**

**as Respectfully Stated Herein pursuant to the U.S. Constitution**

RESPECTFULLY SUBMITTED, this the 15th day August, 2016.

FOR THE PLAINTIFF,
ROBERT L. GIBSON

BY: _____

MICHAEL R. BROWN, ESQ.

BY: _____

WINSTON J. THOMPSON, III, ESQ.

CO COUNSEL FOR PLAINITFF:
Michael R. Brown, Esq., (MSB# 99126)
THE MICHAEL R. BROWN LAW OFFICES, PLLC
120 North Congress Street, Suite 710
Jackson, Mississippi 39201
Tel: (601) 948-5330
Fax: (601) 948-5415
Email: mbrown@mikelawms.com

CO COUNSEL FOR PLAINITFF:
Winston J. Thompson, III, Esq., (MSB# 100157)
THE COCHRAN FIRM
620 North State Street, Suite 303
Jackson, MS 39225
Tel: (601) 321-9052
Fax: (769) 251-2631
Email: wjt3law@yahoo.com

## VERIFICATION

I, Robert L. Gibson, certify and verify to the Honorable Court and to the Defendant that I have reviewed and read all provisions of the foregoing Complaint and verification containing 28 pages. I verify that I understand all provisions and allegations.  I have directed my attorney to include all above provisions in the Complaint, as well as to file the Complaint on my behalf. I assume full, final responsibility for all representations made in the Complaint such that I certify and verify they are accurate and truthful.

ROBERT L. GIBSON                                    08/15/16
                                                    DATE

28